UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LG. PHILIPS LCD CO., LTD., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Misc. Action No. 05-282 (RWR) |
| TATUNG CO. OF AMERICAN, TATUNG COMPANY, and CHUNGHWA PICTURE TUBES, LTD., | ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER

Tatung Co. of America and Tatung Company, who are co-defendants with Chunghwa Picture Tubes, Ltd., in a patent case now pending before the United States District Court for the Central District of California (*LG. Philips LCD Co. v. Tatung Co. of America, et al.*, No. CV-0206775 (JTLx)), move on the miscellaneous docket of this Court to compel the deposition of Song K. Jung, for an expedited hearing on that motion, and for its reasonable expenses in bringing the motion. It appears that Mr. Jung was deposed by counsel for Chunghwa on July 14, 2005, for just under five hours; that counsel for Chunghwa finished asking his questions at 6:35 p.m. (the court reporter having shown up two hours and twenty minutes late); that counsel for Tatung was given "five minutes or so to wrap up" although he said he had "at least an hour of questions"; that Mr. Jung refuses to permit counsel for Tatung to finish the deposition or to respond to a new notice for deposition; and that the parties to this litigation are laboring under an August 5, 2005, discovery deadline imposed by the California court.

    If the underlying litigation were pending in this Court, the solution to this problem would

-2-

be simple: require the parties to find a time when Mr. Jung could complete his deposition and extend the discovery deadline to suit that schedule. Because the case is not pending here, however, and because the schedule of the California court and the sensitivity of the discovery deadline are not within our bailiwick, the motion to compel needs to be dealt with on its merits (and then, presumably, the parties will seek appropriate relief from the California discovery deadline).

There is no need to expedite the hearing on Tatung's motion, because there is no need for a hearing. Tatung was entitled to ask questions at a deposition noticed by another party without issuing its own notice of deposition. The seven hour limitation of Rule 30(d)(2) was not exceeded. The motion to compel further deposition testimony of Mr. Jung before the discovery deadline is accordingly **granted**. The motion to expedite is **denied as moot**. The motion for expenses is **denied without prejudice**, as it is a matter that should be brought before the California court.

Song K. Jung, Esquire, must appear to complete his deposition at a date, time and place to be arranged by counsel, but on or before August 4, 2005. Counsel for Tatung must cause this order to be served upon Mr. Sung. It is **SO ORDERED**.

Dated: July 25, 2005

/s/
James Robertson
United States District Judge
(As motions judge)